# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **HAROLD C. SMITH,** | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 23-5815 |
| | ) | |
| **SHELBY COUNTY BOARD OF EDUCATION** | ) | |
| Defendants/Appellee. | ) | |

*Rule 3 Appeal from the Final Judgment of the District Court for Shelby County, Case No. 2:22-cv-02008*

_____

## BRIEF OF PLAINTIFF-APPELLANT HAROLD C. SMITH
## OPPOSING ORDER ON MOTION FOR RECONSIDERATION

_____

**BRANDON S. LESLIE**
**BPR 031633**
**Attorney for Plaintiff-Appellant**
**REAVES LAW FIRM**
**1991 Corporate Avenue, Suite 310**
**Memphis, TN 38132**
**(901) 614-4432**
**brandon.leslie@beyourvoice.com**

**[Oral Argument Requested]**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..............................................................3

STATEMENT IN SUPPORT OF ORAL ARGUMENT ..................................  3

JURISDICTIONAL STATEMENT .....................................................  3

STATEMENT OF ISSUES PRESENTED ...........................................  3

STATEMENT OF CASE ...................................................................  4

   I.    Nature of the case ...................................................................... 4

   II.   Proceedings and disposition below ............................................ 4-5

STATEMENT OF FACTS ...............................................................  5

SUMMARY OF ARGUMENT .........................................................  6

STANDARD OF REVIEW ...............................................................  8-9

ARGUMENT ..............................................................................9-17

   I.    **Whether the District Court erred in granting Shelby County Board of Education's ("SCBE") Motion for Summary Judgment...................................... 9-11**

       A.  There was a genuine issue as to any material facts.

       B.  Plaintiff, Dr. Smith, was entitled to a judgment as a matter of law.

   II.   **Whether the granting of Defendant's Motion to Reconsider was appropriate. ............ 11-17**

       A.  Plaintiff, Dr. Smith, exhausted all available administrative remedies offered by SCBE.

       B.  The accommodations offered by SCBE were not reasonable in nature.

CONCLUSION AND RELIEF REQUESTED .....................................  18

CERTIFICATE OF COMPLIANCE..................................................19

CERTIFICATE OF SERVICE .......................................................  19

ADDENDUM............................................................................  20

# TABLE OF AUTHORITIES

**Cases**

Board of Educ. v. Rowley, 458 U.S. 176, 206 (1982) ……………………………………….…... 8

Cordrey v. R.J. Euckert, 917 F.2d 1460, 1468 (6th Cir. 1990) ……………………………..… 8

Doe v. Metropolitan Nashville Public Schs., 133 F.3d 384, 386 (6th Cir. 1998) ……………….…… 8

*DiCarlo v. Potter*, 358 F.3d 419 ..………………………………………………...…… 8,15,16,18

Dixon v. Anderson, 928 F.2d 212, 216 (6th Cir. 1991) ……………………………………….…. 9

*Ferrari v. Ford Motor Co.,*826 F.3d 885 ……………………………………………...……… 12

*Gainor v. Worthington City Sch*., Case No. 2:11-CV-561 (S.D. Ohio Dec. 13, 2013) ……....…… 9

Granderson v. Univ. of Michigan, 211 F. App'x 398, 401 (6th Cir. 2006) …………….………….. 7, 13

*Jakubowski v. Christ Hosp. Inc.*, 627 F.3d 195, 201 …………………………………….……… 7, 12

*Johnson v. Cleveland City School Dist., et al.*, 443 F. App'x 974 (6th Cir. 2011) ............ 6,7,8,9,12,15,18

Keith Cnty of Oakland, 703 F.3d 918, 926 (6th Cir. 2013) ……………………………………… 10

Kleiber v. Honda of Am. Mfg., Inc., 485 F. 3d 862.871 (6th Cir. 2007) …………………….….. 14, 15

Mason v. Avaya Commc'ns, inc., 357 F.3d 1114, 1122 (10th Cir. 2004) …………………….…….. 10

Metropolitan Board of Public Education v. Guest ex rel., 193 F.3d 457 (6th Cir. 1999) …………… 8, 9

*Nance v. Goodyear Tire & Rubber Co.,* 527 F.3d 539, 557 (6th Cir. 2008).………….…………… 7, 14

*Rorrer v. City of Stow,* 743 F. 3d 1025 ……………………………………………………... 14, 15

Shreve v. City of Romulus, 742 Fed App'x. 97, 103 (6th Cir. 2018) …………….…………..….…... 3, 8

Tucker v. Calloway Cty.. Bd of Edu., 136 F.3d, 495, 503 (6th Cir. 1998) …………………….….. 8

Williams v. Nw. Airlines, Inc. 53 F.App'x 350, 352 (6th Cir. 2002) …………………….....…..7, 8, 13

**Statutes**

42 U.S.C. § 12117 …………………………………………………...…………….………  3

28 U.S.C. § 1291 ……………………….…………………………………….……..………  3

29 C.F.R. § 1630.9(a) …………………………………………………………………..……. 7,12

42 U.S.C. § 12112(b) ………………………………………………………………….……. 7, 12

42 U.S.C. § 12111(8) ……………………………………………….………..…..………… 12

42 U.S.C. § 12111(9) ……………………………………………………………....…….…… 12

**Electronically Filed Documents**

Order Granting Defendant's Motion to Reconsider, ECF 82 …………………………………… 4

Order Denying Defendant's Motion for Summary Judgment, ECF 66 …………..………………. 4,7,13

Plaintiff Harold Smith's Opposition to Defendant Shelby County Board of Education's Motion for Reconsideration, ECF 75 …………………………………………………..…….………… 10

Motion for Summary Judgment, ECF 33 ……….…………………………..…..……………... 4, 13

2

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Oral argument would be beneficial to the Court as it has a clear understanding of why it should reverse the District Court's order granting the Defendant-Appellee's Motion for Reconsideration as Plaintiff-Appellant wishes to address the scope of his original argument. Accordingly,  Dr. Smith respectfully requests oral argument.

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant filed a complaint against Defendant-Appellee in the District Court which maintained federal question jurisdiction based on the Americans with Disabilities Act ("ADA") violation allegation, 42 U.S.C. § 12117 *et seq*. Federal question jurisdiction was conferred on the District Court. Thus, jurisdiction is conferred on this court under the ADA and 28 U.S.C.§ 1331.

Pursuant to 28 U.S.C. § 1291, this Honorable Court has jurisdiction of this appeal. The final judgment being appealed in this case was entered on August 9, 2023. No motion for a new trial or alteration of the judgment or any other motion that would have tolled the time to appeal was filed.  The Notice of Appeal was filed on September 5, 2023.

## STATEMENT OF ISSUES PRESENTED

Summary judgment is warranted if, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in the party's favor, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Shreve v. City of Romulus*, 742 Fed.Appx. 97,103 (6th Cir. 2018)(quoting *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

I.    Whether the District Court erred in granting Defendant-Appellee, Shelby County Board of Education's ("SCBE") Motion for Summary Judgment without addressing the reason it initially denied the motion?

II.    Whether granting the SCBE's Motion to Reconsider was appropriate?

**STATEMENT OF CASE**

### I.    Nature of the case

Plaintiff-Appellant ("Dr. Smith") brought this appeal opposing the order granting SCBE's motion to reconsider and grant its motion for summary judgment to this honorable court after the District Court reconsidered its ruling in granting summary judgment to the SCBE (Order Granting Defendant's Motion to Reconsider, ECF. 82 Page ID # 574). Dr. Smith attests that after exhausting all administrative remedies, including filing an EEOC complaint, SCBE failed to offer Dr. Smith reasonable temporary accommodations pursuant to ADA regulations. Dr. Smith received the notice to file suit from the Equal Employment Opportunity Commission ("EEOC") on or about October 7, 2021.

### II.    Proceedings and disposition below

Dr. Smith filed his initial complaint on January 6, 2022. On or about February 3, 2023, SCBE filed a Motion for Summary Judgment asserting there was no genuine issue of material fact in Dr. Smith's Plaintiff's complaint and that summary judgment entered. The District Court, however, found a genuine issue of material fact regarding the reasonableness of SCBE's proposed accommodations did exist and SCBE needed to differentiate *in-person instruction* and *in-person attendance*. On or about June 15, 2023, the District Court entered an Order Denying Defendant's Motion for Summary Judgment. It further stated when SCBE offered accommodations that allowed continued remote instruction, it arguably conceded that in-person instruction was not an essential function of Dr. Smith's job responsibilities. On or about June 30, 2023, SCBE filed a Motion to Reconsider defining *in-person attendance* and *on-site attendance*. After Dr. Smith filed an Opposition to the Motion for Reconsideration, on or about August 9, 2023, the District Court entered an Order Granting Defendant's Motion to Reconsider and Defendant's Motion for Summary Judgment. In overturning its ruling, the Court never cited the aforementioned reason why it believed there was not a genuine issue of material fact.

Dr. Smith's appeal opposing the District Court's Order Granting Defendant's Motion to Reconsider and Granting Defendant's Motion for Summary Judgment should be granted because the

4

District Court was accurate in its initial ruling. Moreover, the District Court never revisited the reason it initially denied SCBE's Motion for Summary Judgment. Subsequently, on September 5, 2023, Dr. Smith filed a Notice of Appeal in this Honorable Court.

## STATEMENT OF FACTS

Dr. Smith was employed by SCBE for twenty-seven (27) years. During his employment, he held the following positions:

- Science Teacher
- Teacher on Special Assignment
- Assistant Principal
- Student Discipline Hearing Authority
- Special Education Teacher

In 2020, Dr. Smith worked as a Science Teacher at the Gordon Achievement Academy School. In March 2020, SCBE suspended in-person instruction and closed the school building in response to the COVID-19 pandemic. During this time, teachers worked remotely and classroom instruction was suspended.

On July 24, 2020, Dr. Smith underwent serious, life-saving, emergency heart and kidney transplant surgeries. Due to the severity of his condition, and upon recommendation by his doctors, Dr. Smith took a medical leave of absence until January 25, 2021. Upon Dr. Smith's return to work and during the COVID-19 pandemic, on January 12, 2021, Dr. Smith's doctor sent SCBE a letter recommending that he be allowed to continue virtual instruction due to his immunosuppressed status. On February 19, 2021, Dr. Smith's doctor sent SCBE another letter recommending that Dr. Smith work in a remote environment due to his medical condition. SCBE refused to implement the doctor's recommendations. Instead, on February 22, 2021, SCBE requested for all teachers (including Dr. Smith) and students to report back to their classrooms for in-person instruction. SCBE limited Dr. Smith to the following options for him to return to work: (1) teach via Microsoft Teams from the gymnasium while his students log on from a computer lab, and (2) teach via Microsoft Teams from the classroom while his

5

students are located in the computer lab. Neither of these options allowed Dr. Smith to follow his doctor's orders of working remotely for at least one (1) year post-surgery to protect himself from public spaces where he would be at great risk of succumbing to the COVID-19 virus.

SCBE's options required Dr. Smith's physical, public presence on campus. Dr. Smith requested to work remotely from home via Microsoft Teams so he could follow his doctor's orders and still perform the essential duties of his job. SCBE denied this request. Additionally, SCBE launched an investigation based on its determination that Dr. Smith was insubordinate. On March 26, 2021, SCBE suspended Dr. Smith for failure to report. SCBE suspended his access to the school computer system, email, and personnel database. Without the ability to access the SCBE systems, Mr. Smith was unable to perform any job duties. Due to the loss of his system access, Dr. Smith filed a complaint with the EEOC on or about April 5, 2021. The next day, SCBE issued a Notice Letter warning Dr. Smith of the possibility of major discipline, including termination for violation of SCBE's policies. On this same day, SCBE also held a misconduct hearing where Dr. Smith stated he could not return to in-person instruction due to the doctor's instructions.

On or about October 7, 2021, The EEOC sent Dr. Smith the notice of his right to file suit. Mediation was set for August 8, 2022. Both parties appeared; however, the SCBE representative stated they did not have the power to agree to any terms and only appeared as a formality. A trial date of August 28, 2023 was set.

## SUMMARY OF ARGUMENT

Dr. Smith has standing in this case to bring this action as he asserts that the district court erred in its reversal of its ruling. He attests that summary judgment was appropriate as there is a genuine issue of material fact and, as the moving party, *is entitled to a judgment as a matter of law.*" See *Johnson*, 443 F. App'x 974 (6th Cir. 2011)(quoting Fed. R. CIV P.56(c)).

Granting SCBE's Motion to Reconsider was not appropriate as Dr. Smith experienced discrimination by his employer SCBE by failing to make reasonable accommodations knowing his

disability pursuant to the Americans with Disabilities Act ("ADA"). *Jakubowski v. Christ Hosp. Inc.*, 627 F.3d 195, 201 (6th Cir. 2010)(quoting 42 U.S.C. § 12112(b)(5)(A)).

The doctor's recommendation was to continue to work remotely from home until at least one year post double transplant surgery, which was July 24, 2021. This equated to roughly five (5) months of temporarily working remotely from home. With this knowledge, SCBE proposed accommodations of working remotely from the gymnasium or the classroom while the student log on from a computer lab were not reasonable as they did not fully take into account his immunosuppressive status as a known physical limitation. *Johnson v. Cleveland City School Dist., et al.* 443 F. App'x 974 (6th Cir. 2011)(quoting 29 C.F.R. § 1630.9(a)).

In reviewing the merits of Dr. Smith's complaint, the District Court stated that *there is no evidence to suggest that the technological capabilities of Mr. Smith's remote work location would be inferior to the capabilities at the school.* (Order Denying Defendant's Motion for Summary Judgment, ECF No. 66 at Page ID ## 514-515.**).** It further stated that Dr. Smith correctly points out that SCBE failed to cite any "resource" that was present on campus versus off campus, stating summarily instead that "by being in the school building, Dr. Smith could access other resources that he did not have at home." (*Id* 66 Page ID ## 519-520). By offering what amounts to two (2) remote instruction options in response to Smith's proposed work-from-home accommodation, SCBE muddied the waters and either conceded that in-person instruction is not an essential function of teaching or created a triable issue of fact as to whether it is. (*Id.* Page ID # 520).

Finally, Dr. Smith exhausted all administrative remedies including taking part of the interactive process and filing an EEOC complaint. *Williams v. Nw. Airlines, Inc.,* 53 F. App'x 350, 352 (6th Cir. 2002)(citing 42 U.S.C. § 2000-e(f)(1); See also *Granderson v. Univ. of Michigan*, 211 F.App'x 398, 401 (6th Cir. 2006). SCBE failed to sufficiently act in good faith after the respective parties met with Dr. Smith and reviewed his doctor's orders of remaining remote from home. *Nance v. Goodyear Tire & Rubber Co.,* 527 F.3d 539, 557 (6th Cir. 2008).

**STANDARD OF REVIEW**

A grant of summary judgment is made as a matter of law, and therefore the district court's grant of a summary judgment is reviewed *de novo*. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004); *Thompson v. Williamson County, Tennessee*, 219 F.3d 555, 557 (6th Cir. 2000). This court applied the same standard in *Johnson*, 443 F. App'x 974 (6th Cir. 2011). Summary judgment is warranted if, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in the party's favor, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Shreve v. City of Romulus*, 742 Fed.Appx. 97,103 (6th Cir. 2018)(quoting *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

The two-part inquiry defined by the Supreme Court in *Rowley* and the statutory mandate of 20 U.S.C. § 1415(e)(2) were set forth above. The Supreme Court has stated that in determining whether the State has complied with the procedures of the Act and whether the individualized education program ("IEP") developed was reasonably calculated to enable the child to receive educational benefits, the district court is to give "due weight" to the administrative proceedings. *Board of Educ. v. Rowley*, 458 U.S. 176, 206 (1982). The Sixth Circuit has called this review a modified de novo review, but neither the Supreme Court nor the Sixth Circuit has given an exact formulation of what weight is due. *Doe v. Metropolitan Nashville Public Schs.*, 133 F.3d 384, 386 (6th Cir. 1998). This standard of review applies to both the substantive and procedural inquiries into whether the IEP constituted a free appropriate public education. *Cordrey v. R.J. Euckert*, 917 F.2d 1460, 1468 (6th Cir. 1990).

The Sixth Circuit has instructed that the "district court can[not] simply adopt the state administrative findings without an independent re-examination of the evidence." Id. at 387. The Supreme Court has admonished, however, that courts are not to "substitute their notions of sound educational policy for those of the school authorities which they review." *Rowley*, 458 U.S. at 206. Federal courts are "generalists with no expertise in the educational needs of handicapped students." *Crocker*, 873 F.2d at 935. This Court must "apply a clearly erroneous standard of review to the district court's findings of fact and a de novo standard to its conclusions of law." *Tucker v. Calloway Cty. Bd. of Educ.*, 136 F.3d 495, 503

8

(6th Cir. 1998)(also see *Metropolitan Board of Public Education v. Guest ex rel.*, 193 F.3d 457 (6th Cir. 1999)).

Applying a clearly erroneous standard of review, the district court's findings of fact are affirmed. The district court was required to admit additional evidence to evaluate the proposed IEP for the 1996-1997 school year as discussed above. The Guests object that the district court ignored important testimony from three expert witnesses who concluded that Joel could be successfully educated in an inclusive environment. The Guests argue that the district court failed to resolve the "conflict" between the expert testimony and the testimony of the school officials who stated that full inclusion had not been successful for Joel. The Guests also argue that the district court ignored testimony that Joel's program failed because it was not properly implemented by the school system. *Id.*

## ARGUMENT

### I.    Whether the District Court erred in granting SCBE's Motion for Summary Judgment.

<u>Summary Judgment was not appropriate as there is a genuine issue of material fact</u>.

Summary judgment is proper when the court is satisfied "*that if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" Johnson v. Cleveland City School District, et al., 443 F. App'x 974 (6th Cir. 2011)(quoting Fed. R. CIV P.56(c)). A fact is material if proof of that fact would establish one of the elements of a claim and would affect the application of governing law to the rights of the parties. *Gainor v. Worthington City Sch.*, S.D Ohio (6th Cir. 2013)(quoting *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984)(citing *Johnson v. Soulis, Wyo.,* 542 P.2d 867, 872 (1975)).

A movant for summary judgment meets its initial burden "by showing - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Dixon v. Anderson, 928  F.2d 212, 216 (6th Cir. 1991) (*citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In the Order Denying SCBE's Motion for Summary Judgment, the District Court stated, "The courts use a two-part analysis to determine whether a person is, otherwise, qualified under the second element of an ADA discrimination claim. *Mason v. Avaya Commc'ns, Inc*., 357 F.3d 1114, 1122 (10th Cir. 2004). First, the court must determine whether the individual can perform the essential functions of the job. *Id*. Second, if the court concludes that the individual is unable to perform the essential functions of the job, the court determines whether any reasonable accommodation by the employer would enable him to perform those functions. *Id*. Citing *Henschel v. Clare Cnty. Rd. Comm'n,* 737 F.3d 1017, 1022 (6th Cir. 2013) (internal quotation marks omitted), the court stated that a job function is essential if its removal would fundamentally alter the position."[1] (Order Denying Defendant's Motion for Summary Judgment, ECF No. 66 at Page ID ## 514-515**). **"Whether a job function is essential is a question of fact that is not typically suitable for resolution on a motion for summary judgment." *Keith v. Cnty. of Oakland*, 703 F.3d 918, 926 (6th Cir. 2013).

The Court denied SCBE's Motion for Summary Judgment stating "*SCBE relies on their assertion that in-person instruction and on-site attendance are essential functions of the job of a classroom teacher as the grounds for granting their motion as a matter of law. This assertion, however, is only one factor considered in determining whether a job function is essential. Because this factor is only one part of the analysis, it cannot be used as grounds to determine this claim as a matter of law. Additionally, SCBE's assertion that these were essential functions of the job is not consistent with their proposed accommodations.*" (Plaintiff Harold Smith's Opposition to Defendant Shelby County Board of Education's Motion for Reconsideration, ECF No. 75 at Page ID # 550). The District Court judge found that SCBE used the phrases "*in-person instructions*" and "*in-person attendance*" interchangeably when discussing its view of the essential functions of a teacher. The Court further stated SCBE's argument had a fundamental flaw because SCBE proposed accommodations for in-person attendance but not in-person instruction. The Court further stated when SCBE offered accommodations that allowed continued remote

---

[1] Excerpt was taken from a previous order (Order Denying Defendant's Motion for Summary Judgment, ECF No. 66), unless otherwise noted. The District Court discusses this analysis to evaluate the standing of any ADA discrimination claim.

instruction, it conceded that in-person instruction was not an essential function of Dr. Smith's teaching job. (Order Denying Defendant's Motion for Summary Judgment, ECF No. 66 at Page ID # 517**). The Court further asserted that *SCBE failed to explain how these were both non-negotiable, essential functions of the job when they were willing to allow Mr. Smith to be in the gymnasium to teach his class through video conference.* (*Id.* at Page ID # 518**). The Court further stated that by proposing accommodations that permitted continued remote instruction, SCBE created a genuine issue of material fact as to whether in-person intrusion is an essential function of teaching. (*Id.* at Page ID # 519). The Court ultimately stated this argument was not suitable for a summary judgment decision concluding that there is a genuine issue of material fact concerning the reasonableness of SCBE's proposed accommodations vis-à-vis Smith's requested one, given the confusion in the record as to whether in-person instruction or in-person attendance is an essential function of teaching. (*Id.* at Page ID # 514).

SCBE filed a Motion to Reconsider the district court's decision. Dr. Smith argued that SCBE failed to demonstrate that there are no issues of material fact to support reconsideration of the Court's order to deny its motion for summary judgment. Therefore, SCBE's motion should be denied. On August 9, 2023, the court entered an order granting SCBE's Motion to Reconsider and ultimately, SCBE's Motion for Summary Judgment. In overturning its own ruling, the Court failed to address how it overcame the fundamental flaw that existed in its initial findings. The Court did not mention its previous contention in any regard. Dr. Smith contends that the fundamental flaw of using the phrases "*in-person instructions*" and "*in-person attendance*" interchangeably when discussing its view of the essential functions of a teacher still existed when the Court overturned its ruling.

## II.    Whether the granting of Defendant's motion to reconsider was appropriate.

ADA Discrimination Rule

Under the ADA, an employer may not discriminatorily terminate an otherwise qualified individual based on his disability. One form of discrimination occurs when an employer fails to make reasonable accommodations to an employee's known disability unless those accommodations would

cause undue hardship to the employer. *Jakubowski v. Christ Hosp. Inc.*, 627 F.3d 195, 201 (6th Cir. 2010)(quoting 42 U.S.C. § 12112(b)(5)(A)).

To prevail on a disability discrimination claim, "a plaintiff must show that he or she (1) is disabled; (2) [is] otherwise qualified to perform the essential functions of the position, with or without accommodation, and (3) suffered an adverse employment action because of his or her disability." *Ferrari v. Ford Motor Co.,* 826 F.3d 885, 891 (6th Cir. 2016)(quoting 42 U.S.C. § 12112(a)). A "Qualified Individual" can *perform the essential functions of the employment position that such an individual holds or desires.*" 42 U.S.C. § 12111(8).

The employee also bears the burden of proposing reasonable accommodations. An employee's claim must be dismissed if the employee fails to identify and request such reasonable accommodations. *Johnson v. Cleveland City School District, et al.*, 443 F. App'x 974 (6th Cir. 2011)(quoting *Tubbs v. Formica Corp.*, 107 F. App'x 485, 488-89 (6th Cir. 2004)).

The accommodations offered by SCBE were not reasonable in nature.

The term *reasonable accommodations* includes job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities. 42 U.S.C. § 12111(9).

The employer must… *make reasonable accommodations to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability…* Therefore, the District was required to reasonably "accommodate" the various restrictions provided by the doctor's evaluations." *Johnson v. Cleveland City School Dist., et al.* 443 F. App'x 974 (6th Cir. 2011)(quoting 29 C.F.R. § 1630.9(a)).

The District Court stated that when SCBE offered accommodations that allowed continued remote instruction, it arguably conceded that in-person instruction was not an "essential function" of

Smith's teaching job. *A reasonable juror could conclude that SCBE cannot simultaneously argue that its proposed accommodations, which centered on continued remote instruction, are consistent with its position that in-person instruction is an essential function of a classroom teacher while also averring that Smith's proposed accommodation, which similarly involved continued remote instruction, is not so consistent*.[2] Dr. Smith could not agree to the accommodations SCBE provided due to the nature of his post-surgery condition. Additionally, Dr. Smith provided every written communication from his surgeon to SCBE.

Plaintiff Dr. Harold C. Smith exhausted all available administrative remedies offered by SCBE.

Exhaustion of administrative remedies requires that a plaintiff file an EEOC charge within 180 days of the alleged unlawful employment practice, or if the plaintiff has institutes proceedings with a state or local agency, within thirty (30) days once the EEOC dismisses the charge and issues a right-to-sue letter, the Plaintiff has 90 days to file a civil action. (quoting *Williams v. Nw. Airlines, Inc.,* 53 F. App'x 350, 352 (6th Cir. 2002)(citing 42 U.S.C. § 2000-e(f)(1); See also *Granderson v. Univ. of Michigan*, 211 F.App'x 398, 401 (6th Cir. 2006).

In SCBE's Initial Disclosures, it alleged that Smith did not exhaust all administrative remedies offered to him. Dr. Smith contacted Human Resources and requested an accommodation to continue to work remotely temporarily. In addition to responding to all communications, Dr. Smith requested to be transferred to a different position where he could continue to work remotely. Additionally, he met with the Principal of Gordon Achievement Academy School, Dr. Leviticus Pointer, Lauren Prater, and Whitney Evans, both advisors in the Office of Professional Standards, and Melita N. Thomas, Instructional Leadership Director for Zone 13- Alternative Schools as steps within the administrative remedies SCBE offers. In efforts to exhaust all of the requisite administrative remedies, Dr. Smith asked if he could be moved to other roles. He was denied such a request and told there were no other positions that could be

---

[2] Excerpt was taken from a previous order  (Order Denying Defendant's Motion for Summary Judgment, ECF No. 66 at Page ID ## 517-518).

offered to him. Thereafter, Dr. Smith filed his EEOC complaint on April 5, 2021. On October 7, 2021, he received the notice of his right to file suit.

After meeting with the necessary individuals and filing his EEOC complaint, Dr. Smith exhausted the administrative remedies afforded to him. Consequently, the options SCBE gave Dr. Smith were a direct violation of his doctor's post-transplant orders and unsuitable for his health.

Plaintiff participated in the interactive process and satisfied his burden of proposing two (2) reasonable accommodations.

An employer has sufficiently acted in good faith when it readily meets with the employee, discusses any reasonable accommodations, and suggests other possible positions for the plaintiff. *Nance v. Goodyear Tire & Rubber Co.,* 527 F.3d 539, 557 (6th Cir. 2008).

The trial court stated that once an employee has requested accommodations, the ADA's regulations require an "interactive process" whose purpose is to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F. 3d 862.871 (6th Cir. 2007)(quoting 29 C.F.R. § 1630.2(o)(3)).

"[T]he interactive process is mandatory, and both parties must participate in good faith." *Id.* (citations omitted). If there is direct evidence that the plaintiff suffered an adverse employment action because of his or her disability, the plaintiff then bears the burden of establishing that he or she is disabled and otherwise qualified for the position despite his or her disability: a) without accommodation from the employer; b) with an alleged essential job requirement eliminated; or c) with a proposed reasonable accommodation. "If this process fails to lead to reasonable accommodation of the disabled employee's limitations, responsibility will lie with the party that caused the breakdown." *Rorrer v. City of Stow,* 743 F. 3d 1025, 1040 (6th Cir. 2014)(quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 805 (7th Cir. 2005)).

The employee also bears the burden of proposing reasonable accommodations; an employee's claim must be dismissed if the employee fails to identify and request such reasonable accommodations.

14

*Johnson v. Cleveland City School District, et al.*, 443 F. App'x 974 (6th Cir. 2011)(quoting *Tubbs v. Formica Corp.*, 107 F. App'x 485, 488-89 (6th Cir. 2004)).

Once a plaintiff establishes a prima facie case, the burden shifts to the employer to demonstrate that any particular accommodations would impose an undue hardship on the employer. *DiCarlo*, 358 F. 3d at 419. Employers should "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations, *Rorrer*, 743 F.3d at 1040)(quoting *Kleiber*, 485 F.3d at 871). Both parties are required to participate in this process in good faith. *Kleiber*, 485 F.3d at 871.

As previously stated, Dr. Smith effectively met with the principal of Gordon Achievement Academy School, the advisors of the Office of Professional Standards, and the Instructional Leadership Director for Zone 13 - Alternative Schools. According to case law, he bore the burden of proposing reasonable accommodations. To continue to work while heeding his doctor's orders, Dr. Smith asked if he could remain remote at home for at least until the first anniversary of his double transplant. Once this proposed accommodation was denied, Dr. Smith asked to be transferred to positions that could honor his doctor's orders of remaining virtual until his one (1) year post-transplant surgery date of July 24, 2021 and was denied again. He was also threatened with termination if he did not return to the building.[3]

SCBE asserted that Dr. Smith's medical release stated he could return in person so long as he wore proper masking citing a doctor's letter dated January 12, 2021). SCBE failed to also cite a second letter from Dr. Smith's doctor dated February 19, 2021, stating that Dr. Smith was at high risk for infection including COVID-19 infection, and for poor infection outcomes. It further delineated his immunosuppressive status noting he was at his highest levels of immunosuppression during his first-year post transplant. Dr. Smith received his heart transplant on or about July 24, 2020. His doctor recommended that he not return to in-person work until at least July 24, 2021, a year post-transplant (which equated to five (5) months after the "return to in-person instruction" mandate issued by SCBE). With the knowledge of his detrimental state, SCBE only offered two (2) options, neither of which were

---

[3] This information can be found as numbers 23 - 25 in Dr. Smith's Complaint (Complaint, ECF. No. 1).

viable options Dr. Smith could choose without compromising his health. Since he was not willing to compromise his health, Dr. Smith offered a solution that would not only allow him to continue his duty to continue student instruction but also protect his health within the crucial time frame of one-year post-transplant.

If Dr. Smith's doctor stated that being onsite would compromise his health substantially, prima facie, the accommodation SCBE suggested was not reasonable in nature. The suggested accommodation would force Dr. Smith to choose between his job and potentially contracting a fatal infection that could subsequently cause his demise. In good faith, Dr. Smith offered an option that satisfied the ADA's requirement of achieving essential functions as well as keeping himself safe while being immunosuppressive satisfying his requisite burden to propose a reasonable accommodation. Once SCBE denied Dr. Smith's recommended accommodation, the burden shifted to SCBE to show how that recommendation presented undue hardship to SCBE. See *DiCarlo*, 358 F. 3d at 419.

Given that his doctor's orders were to remain remote at home until one (1) year after the date of his double transplant surgery, Dr. Smith established a prima facie case, and the burden shifted to SCBE to demonstrate that his proposed accommodations caused undue hardship to SCBE. SCBE failed to meet this burden. It argued that being *in-person* or *onsite* was essential because the following was needed: (1) it allowed the principal to observe and listen to the class, and (2) it allowed Dr. Smith access to the technical capabilities of educational assistants and classroom teachers. SCBE's argument is flawed because it does not address how Dr. Smith working remotely from home would interfere with these aforementioned necessities. The remote option was offered to Dr. Smith in isolated rooms affording the principal, educational assistants, and classroom teachers the same access to the class. However, SCBE did not address how allowing Dr. Smith to work remotely from home would interfere with the aforementioned necessities. In its Order Denying SCBE's Motion for Summary Judgment, the District Court stated that *there is no evidence to suggest that the technological capabilities of Mr. Smith's remote work location would be inferior to the capabilities at the school.* (Order Denying Defendant's Motion for Summary Judgment, ECF No. 66 at Page ID ## 514-515.**).** It further stated that Dr. Smith correctly points out that

16

SCBE failed to cite any "resource" that was present on campus versus off campus, stating summarily instead that "by being in the school building, Dr. Smith could access other resources that he did not have at home." (*Id.* 66 Page ID ## 519-520).

SCBE offered Dr. Smith two (2) options: (1) teach via Microsoft Teams from the gymnasium while his students log on from a computer lab, and (2) teach via Microsoft Teams from the classroom while his students are in the computer lab. SCBE argues that being *in-person* or *onsite* was essential because the following: (1) it allowed the principal to observe and listen to the class, and (2) it allowed Dr. Smith access to the technical capabilities of educational assistants and classroom teachers. By offering what amounts to two (2) remote instruction options in response to Smith's proposed work-from-home accommodation, SCBE muddied the waters and either conceded that in-person instruction is not an essential function of teaching or created a triable issue of fact as to whether it is. (*Id* PageID 519). Furthermore, by only referencing the doctor's letter dated January 12, 2021, SCBE did not consider Mr. Smith's suggestion as a suitable accommodation born from his need to follow his doctor's orders even though it caused no real detriment to the students, principal, educational assistants, or classroom teachers. To satisfy the element of being *onsite* for checking a box and adamantly refusing another option was an act committed in fact, in bad faith.

Moreover, SCBE maintains its argument with unclean hands as it immediately terminated Mr. Smith's access to pertinent systems necessary to complete his job functions constructively terminating Dr. Smith from his position at Gordon Achievement Academy School.

Failure to Accommodate

To establish a prima facie case for failure to accommodate, a plaintiff must show that: (1) he is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) his employer knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the employer failed to provide the necessary accommodations.

*Johnson v. Cleveland City School District, et al.*, 443 F. App'x 974 (6th Cir. 2011)(quoting *DiCarlo v. Potter*, 358 F.3d 419).

In a review of these two (2) offered options, SCBE failed to offer an option that accommodated his health needs post-transplant surgery. In reviewing the two (2) options SCBE offered Dr. Smith, it can be reasonably deduced that SCBE could have accommodated Dr. Smith. Though it minimized the threat of exposure to infection, it did not ensure Dr. Smith would not encounter people while on campus. Working from home remotely until at least one (1) year post-surgery, which equated to approximately five (5) months after the return to in-person instruction" mandate issued by SCBE, offered the best probability of minimizing the threat of exposure to infections. Further, in the Order Denying Motion to Reconsider, the District Court stated the following:

> According to Pointer, "[v]irtual instruction decreased student learning, thus to provide the most effective learning and supervision, SCBE implemented in-person instruction for all teachers. Effective supervision, teamwork, and personal interaction with the students, staff, and parents[] are essential functions of the Classroom Teacher position that are accomplished through in-person instruction." (Exhibit 1 - The Declaration of Leviticus Pointer, ECF No. 33 at Page ID # 98.) However, under SCBE's proposed accommodations, Smith would not be fulfilling these alleged "essential functions" because he would have had virtually no in-person contact with any students, staff, or parents and would do no in-person supervision or conferring with coworkers. This is precisely the same outcome that would have occurred under Smith's proposed accommodation. (Order Denying Defendant's Motion for Summary Judgment, ECF No. 66 at Page ID # 11.)

By failing to provide a reasonable accommodation that did not place Dr. Smith in a position detrimental to his health and by not accepting proposed accommodations, SCBE failed to adequately accommodate Dr. Smith according to the ADA regulations.

**CONCLUSION AND RELIEF REQUESTED**

The District Court was accurate in its initial decision to deny SCBE's Motion for summary judgment as there is a genuine issue of material fact present. Due to SCBE's apparent fundamentally flawed argument, the matter should have been heard during a trial so Dr. Smith could have the opportunity to discuss his claim effectively. Moreover, the mere fact that the District Court went back and

forth on its decision is evidence of a genuine issue of material fact and that the matter should be remanded and reset for trial. Additionally, pertinent information was neglected in the review. The District Court's judgment is therefore erroneous and must be reversed and remanded to be reset for trial.

Respectfully submitted this _5___ day of December 2023.

By: /s/Brandon Leslie
Brandon Leslie (TN BPR# 031633)
REAVES LAW FIRM, PLLC
1991 Corporate Ave., Ste. 310
Memphis, TN 38132
Phone: (901) 614-4432
Fax: (901) 328-1352
Email: brandon.leslie@beyourvoice.com
Attorney for Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

I, the undersigned counsel, do hereby certify that I have complied with the requirements as set forth in the Federal Rules of Appellate Procedure and the Local Rules of this Court.

**THIS** the __5_ day of December, 2023.

_____/s/ Brandon Leslie_____
Brandon Leslie (BPR#031633)

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this date served a true and correct copy of the above and foregoing document upon counsel of record by delivering same via United States mail, facsimile, Federal Express, and/or electronic mail as follows:

Rodney G. Moore (TN BPR No. 31929)
303 Peachtree Street, NE, Ste. 5300
Atlanta, GA 30308
Telephone: (404) 527-400
Rodney.moore@dentons.com
*Attorney for Defendant*

**THIS** the __5_ day of December, 2023.

19

 _____/s/ Brandon Leslie_____
Brandon Leslie (BPR#031633)

## ADDENDUM

Order Granting Defendant's Motion to Reconsider, ECF 82, Page ID Range 574-584

Order Denying Defendant's Motion for Summary Judgment, ECF 66, Page ID Range 508- 520

Plaintiff Harold Smith's Opposition to Defendant Shelby County Board of Education's Motion for Reconsideration, ECF 75, Page ID Range 546-554

Motion for Summary Judgment, ECF 32, Page ID Range 91-94