No. 23-5815

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

HAROLD C. SMITH

*Plaintiff-Appellant*

v.

SHELBY COUNTY BOARD OF EDUCATION

*Defendant-Appellee*

On Appeal from the United States District Court
for the Western District of Tennessee Western Division
Civil No. 2:22-cv-02008-SHL-atc
Honorable Sheryl H. Lipman (Chief United States District Judge)

## BRIEF OF DEFENDANT-APPELLEE

DENTONS US LLP

Rodney G. Moore
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: 404.527.4903
Email: rodney.moore@dentons.com

Christine Belcaid
1001 Bishop Street, Suite1800
Honolulu, Hawaii  96813
Telephone:  808.524.1800
Email:  christine.belcaid@dentons.com

*Attorneys for Defendant-Appellee*
*SHELBY COUNTY BOARD OF EDUCATION*

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................1

II.    STATEMENT REGARDING ORAL ARGUMENT ....................................3

III.   STATEMENT OF ISSUES ..................................................3

IV.    STATEMENT OF THE CASE ..............................................4

    A.     Relevant Factual Background ........................................4

    B.     Relevant Procedural Background.....................................9

V.     SUMMARY OF THE ARGUMENT .........................................12

VI.    ARGUMENT....................................................................13

    A.     Standard of Review ........................................................13

        1.    Grant of Motion to Reconsider under
            Fed. R. Civ. P. 54(b) .................................................13

        2.    Grant of Summary Judgment...................................15

    B.     The District Court Correctly Granted Appellee's
        Motion for Reconsideration Because that Court Initially
        Failed to Consider Material Facts and Dispositive Legal
        Arguments that Were Presented to It on the Interlocutory
        Order Denying Appellee's Motion for Summary Judgment
        and Because Appellant Made No Argument as to Why
        Appellee Failed to Meet Local Rule 7.3(b)'s Standard .....................16

        1.    The district court correctly applied Local Rule 7.3(b)
            when it granted the Reconsideration Motion because
            it failed to consider material facts and dispositive legal
            arguments when it initially denied summary judgment............16

US_ACTIVE\15806608\000021\125848226\V-2

2.    Appellant failed to present any arguments as to why Appellee did not meet Local Rule 7.3(b)'s standard for granting a motion for reconsideration; as such, he waived any such argument on appeal....................21

C.    The District Court Correctly Held on Reconsideration that Appellee Met Its Burden of Demonstrating No Genuine Issue of Material Fact Exists as to Whether Appellant Failed to Engage in the Interactive Process, that Appellant Was Thus Not a Qualified Individual Under the ADA, and that Judgment as a Matter of Law Should Be Granted in Appellee's Favor ..........................................................22

D.    Appellant's Focus on Whether Appellee's Proposed Accommodations Were Reasonable Completely Misses the Mark ...............................................................28

VII.    CONCLUSION...............................................................29

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

US_ACTIVE\15806608\000021\125848226\V-2

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...................................................................................16

*Belasco v. Warrensville Heights City Sch. Dist.*,
   634 Fed. App'x 507 (6th Cir. 2015) ..........................................................26, 27

*Brown v. Am. Enka Corp.*,
   452 F. Supp. 154 (E.D. Tenn. 1976)................................................................10

*Doe v. Salvation Army in U.S.*,
   531 F.3d 355 (6th Cir. 2008) ...............................................................15

*Grand Traverse Band of Ottawa and Chippewa Indians v. Director,*
   *Mich. Dep't of Natural Res.*,
   141 F.3d 635 (6th Cir. 1998) ...............................................................15

*Grider Drugs, LLC v. Express Scripts, Inc.*,
   500 Fed. App'x 402 (6th Cir. 2012) ...............................................................22

*Gridsmart Techs., Inc. v. Marlin Controls, Inc.*,
   701 F. App'x 488 (6th Cir. 2017)...............................................................22

*Hankins v. The Gap, Inc.*,
   84 F.3d 797 (6th Cir. 1996) ...............................................16, 19, 20, 26

*Hargett v. Jefferson Cnty. Bd. of Ed.*,
   No. 17-5368, 2017 WL 5664922 (6th Cir. Oct. 27, 2017)....................25, 26, 27

*Hedrick v. W. Rsrv. Care Sys.*,
   355 F.3d 444 (6th Cir. 2004) .......................................................19, 20

*Howard v. City of Beavercreek*,
   276 F.3d 802 (6th Cir. 2002) ...............................................................15

*Keck v. Graham Hotel Sys.*,
   566 F.3d 634 (6th Cir. 2009) ...............................................................15

US_ACTIVE\15806608\000021\125848226\V-2

*Lillard v. Liberty Ins. Co.*,
No. 2:19-CV-2097-JPM-DKV, 2019 WL 11583456 (W.D. Tenn.
July 10, 2019) ............................................................................14

*Rodriguez v. Tennessee Laborers Health & Welfare Fund*,
89 F. App'x 949 (6th Cir. 2004) ...............................................14

*Rorrer v. City of Stow*,
743 F.3d 1025 (6th Cir. 2014) ............................................19, 23

*Scottsdale Ins. Co. v. Flowers*,
513 F.3d 546 (6th Cir. 2008) .....................................................22

*Shreve v. City of Romulus*,
742 F. App'x 97 (6th Cir. 2018) ................................................17

*Smith v. Honda of Am. Mfg., Inc.*,
101 F. App'x 20 (6th Cir. 2004) .........................................19, 26

*Stramaglia v. United States*,
377 Fed. App'x 472 (6th Cir. 2010) ....................................15, 16

*Taylor v. Consol. Prods.*,
No. 3:07-CV-421, 2009 U.S. Dist. LEXIS 53473
(E.D. Tenn. June 19, 2009) .........................................................19

*United States v. $68,812.00 in U.S. Currency*,
831 Fed. App'x 205 (6th Cir. 2020) ...........................................13

*Williams v. Fed. Express Corp.*,
No. 2:20-cv-02322-TLP-cgc, 2022 WL 991900
(W.D. Tenn. Mar. 31, 2022) ........................................................10

*Young v. Dep't of the Treasury*,
No. 2:19-cv-02384-TLP-dkv, 2020 WL 3980796 (W.D. Tenn. Apr.
9, 2020) .......................................................................................10

**Federal Statutes and Rules**

Fed. R. Civ. P. 54(b) ...........................................................13, 14, 21, 22

42 U.S.C. § 12111 .....................................................................16, 26

42 U.S.C. § 12112 .........................................................................16, 17, 27

United States District Court for the Western District of Tennessee
    Local Rule 7.3 ...........................................................................14, 15

**Federal Regulations**

29 C.F.R. § 1630.2 ............................................................................19, 20

29 C.F.R. § 1630.9 ...................................................................................23

US_ACTIVE\15806608\000021\125848226\V-2

## BRIEF OF DEFENDANT-APPELLEE

## I.    INTRODUCTION

This is a straightforward case involving a teacher, Appellant

Dr. Harold Smith, whose failure to engage in the interactive process regarding

Appellee Shelby County Board of Education's in-person instruction policy during

the COVID-19 pandemic rendered him an unqualified individual not entitled to

relief under the ADA.  Appellant, who claims Appellee violated the ADA by

failing to reasonably accommodate and constructively discharge him, appears to

mistakenly believe that the fact he had a disability entitled him to *any*

accommodation of *his* choosing, and he insisted on only one option—that he be

permitted to teach virtually <u>from his home</u>.  However, that is not the standard

under the ADA, as explained to Appellant by the Equal Employment Opportunity

Commission ("EEOC") in its no-cause finding letter, which concludes there is

insufficient evidence to show Appellant was unlawfully denied an accommodation

under the ADA.

Appellee acted in good faith by actively engaging in the interactive process

and went above and beyond the requirements of the ADA to reasonably

accommodate Appellant.  The undisputed material facts establish that Appellee

attempted continuously to communicate with Appellant and that *it was ultimately*

*Appellant who caused the breakdown in the process by insisting on only one*

1

*accommodation*.  In fact, Appellant admitted in his deposition that both during the interactive process and at the time of his deposition, he had no intention of returning to in-person teaching.  In an indication of engaging in the interactive process in good faith, Appellee proposed that Appellant could continue teaching remotely from either a school classroom or from the gymnasium, where he would be both at work (on campus) and totally isolated upon entry and exit from the building and with access to his own restroom.  Appellant offered no alternate proposed accommodation or modifications to Appellee's proposals, simply expressed his dissatisfaction with the suggested accommodations, and shut down the interactive process.

Under well-established Sixth Circuit precedent, an employee who is responsible for the breakdown in the interactive process forfeits his status as an ADA qualified individual.  Appellant failed to raise a genuine issue of material fact as to whether he failed to participate in good faith in the ADA's mandatory interactive process and was therefore not a qualified individual.  Thus, Appellee is not liable for any claim under the ADA as a matter of law.

The district court's Order Granting Defendants' Motion to Reconsider and Granting Defendant's Motion for Summary Judgment is well-reasoned with factual findings clearly supported by the record and sound legal conclusions based on relevant precedent, and correctly applies Federal Rule of Civil Procedure 54(b) and

2

United States District Court for the Western District of Tennessee Local Rule 7.3(b) that govern a motion to reconsider.  The district court's initial review of Appellee's Summary Judgment Motion focused on the essential function analysis and manifestly failed to consider material facts and dispositive legal arguments related to whether Appellant was responsible for the breakdown in the interactive process rendering him an unqualified individual under the ADA.  On review of Appellee's Reconsideration Motion, the district court correctly held that Appellant failed to raise a genuine issue of material fact as to whether he adequately engaged in the interactive process and was unqualified under the ADA, unentitled to relief.  Thus, the Reconsideration Order and Judgment should be affirmed.

## II.      STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure and Sixth Circuit Rule 34(a), Appellee believes that the issues presented in this appeal are straightforward, and that oral argument is unnecessary.

## III.     STATEMENT OF ISSUES

There is one uncomplicated issue:  whether the district court erred by granting summary judgment on reconsideration to Appellee on Appellant's failure to engage in the interactive process claim under the ADA.[1]

---

[1]  Appellant states the issues are: (1) "[w]hether the District Court erred in granting Defendant-Appellee, Shelby County Board of Education's ("SCBE") Motion for

(continued)

3

Ultimately the decision regarding whether summary judgment was appropriate here boils down to whether Appellant raised a genuine issue of material fact as to whether he failed to engage in the ADA's mandatory interactive process, and thus whether he was a qualified individual with a disability under the ADA. The answer to both questions is a staunch no.

## IV. STATEMENT OF THE CASE

### A. Relevant Factual Background

From 1994 through 2021, Appellant held various positions with Appellee, formerly known as Memphis City Schools, including Science Teacher, Teacher on Special Assignment, Assistant Principal, Student Discipline Hearing Authority, and Special Education Teacher. Defendant's Statement of Undisputed Material Facts ("Undisputed Facts"), **R. 43**, Page ID # 385 at ¶¶ 1-2.

For the 2020-2021 school year, Appellant was employed by Appellee as a Science Teacher at the Gordon Achievement Academy School ("Gordon"). Brief of Plaintiff-Appellant at 6; Undisputed Facts, **R. 43**, Page ID # 386 at ¶ 13; September 8, 2022 Deposition of Harold Smith ("Smith Dep."), **APP0070-71**

---

Summary Judgment without addressing the reason it initially denied the motion"; and (2) [w]hether granting the SCBE's Motion to Reconsider was appropriate." Brief of Plaintiff-Appellant at 4. However, it is inapposite whether the district court addressed the reason it originally denied the Summary Judgment Motion because that is not part of the Local Rule 7.3(b) standard. Nevertheless, the district

(continued)

(68:25-69:10); Declaration of Leviticus Pointer ("Pointer Decl."), **R. 33**, Page ID # 96-97 at ¶¶ 4-5.  In March 2020, however, Appellee closed its schools due to the COVID-19 pandemic and transitioned to virtual instruction via Microsoft Teams. Pointer Decl., **R. 33**, Page ID # 97 at ¶¶ 7-8.

On July 24, 2020, Appellant underwent heart transplant surgery and Appellee granted him leave under the Family Medical Leave Act ("FMLA") for his recovery.  Undisputed Facts, **R. 43**, Page ID # 387 at ¶¶ 14-15; Smith Dep., **APP0066** (64:211-13); Ex. 4 to Smith Dep., **APP0213**.  Appellant's leave was extended until January 25, 2021, after his FMLA leave expired.  Brief of Plaintiff-Appellant at 6; Undisputed Facts, **R. 43**, Page ID # 387 at ¶ 15; Ex. 4 to Smith Dep., **APP0214**.

On January 12, 2021, Appellant received a letter from his doctor at Vanderbilt University Medical Center providing "clearance for [Appellant] to return to work," and stating that "[w]hile working virtually would be the safest option for [Appellant] given his immunosuppressed status," Appellant should "discuss with [Appellant] and [his doctor] if he would be required to return to work in person."  Undisputed Facts, **R. 43**, Page ID # 387 at ¶¶ 16-17; Smith Dep.,

---

court did address the reason it originally denied the motion with regard to the essential function analysis.  Reconsideration Order, **R. 82**, Page ID # 578.

APP0106 (104:15-106:3); Ex. 4 to Smith Dep., **APP0213**.[2]  The January 12 letter also states that, should Appellant be required to work in-person, he should "wear a mask when interacting with individuals and practice recommended social distancing guidelines and COVID precautions."  Undisputed Facts, **R. 43**, Page ID # 387 at ¶ 18; Smith Dep., **APP0107-0**8 (105:24-106:10); Ex. 4 to Smith Dep., **APP0213**.  **Appellant admitted that his doctor did not rule out his returning to in-person work.**  Undisputed Facts, **R. 43**, Page ID # 388 at ¶ 25; Plaintiff's Response to Undisputed Facts, **R. 62-1**, Page ID # 487-88 at ¶¶ 19, 25; Smith Dep., **APP0108** (106:4-10).

Because Appellee was still conducting virtual instruction at this point, Appellant initially taught remotely once he returned to work.  Undisputed Facts, **R. 43**, Page ID # 387 at ¶ 21; Pointer Decl. **R. 33**, Page ID # 98 at ¶ 9.  On February 12, 2021, however, Appellee informed employees and students that in-person instruction would return on March 1, 2021.  Undisputed Facts, **R. 43**, Page ID # 388 at ¶ 22; Plaintiff's Response to Undisputed Facts, **R. 62-1**, Page ID # 487 at ¶ 22.  Appellant responded by requesting that he continue instructing remotely, and Appellee received a second letter from Appellant's doctor on February 19,

---

[2]  The January letter has a typo:  It is dated January 12, 2020, but should have been dated January 12, 2021.  It would not make sense for it to be from January 2020 given that the transplant was in July 2020.

6

2021, stating that it was "recommend[ed]" that Smith "work from home in a virtual capacity until at least one-year post transplant." Undisputed Facts, **R. 43**, Page ID # 388 at ¶¶ 23-24; Plaintiff's Response to Undisputed Facts, **R. 62-1**, Page ID # 487 at ¶ 23; Ex. 5 to Smith Dep., **APP0233**.[3]

On March 2, 2021, Leviticus Pointer, the Principal of Gordon, responded to Appellant's request for accommodation and he, along with Prater, informed Appellant that Appellee would no longer permit teachers to instruct remotely from home. Undisputed Facts, **R. 43**, Page ID # 388-389 at ¶¶ 26-29; Plaintiff's Response to Undisputed Facts, **R. 62-1**, Page ID # 488-89 at ¶¶ 26, 29; Ex. 6 to Smith Dep., **APP0234-35**.

Instead, Pointer suggested two accommodations: (1) Appellant could instruct from his classroom while his students were placed in a nearby computer lab with a teaching assistant; or (2) Appellant could instruct from Gordon's gymnasium, where he would have his own restroom and not encounter anyone upon entry and exit of the building, while his students would also be placed in a

---

[3] This February 19, 2021 letter sent by Appellant's doctor approximately one month after she sent the January 12, 2021 letter states only that working from home was recommended, but did not state that the doctor was changing her opinion that Appellant could work at the school as long as he wore a mask, socially distanced, and had sitting breaks. Lauren Prater, Appellee's Advisor in the Office of Professional Standards, who was communicating with Appellant regarding his return to work, reasoned that Appellant could return to work at the school as long
(continued)

7

computer lab with a teaching assistant.  Brief of Plaintiff-Appellant at 6-7;
Undisputed Facts, **R. 43**, Page ID # 389 at ¶¶ 31-32; Plaintiff's Response to
Undisputed Facts, **R. 62-1**, Page ID # 489 at ¶¶ 31-32.  **Appellant rejected both
accommodations presented by Appellee and refused to return to work in-
person.**  Undisputed Facts, **R. 43**, Page ID # 389 at ¶ 35; Plaintiff's Response to
Undisputed Facts, **R. 62-1**, Page ID # 490 at ¶ 35.  Appellant admitted in his
deposition that both during the interactive process and at the time of his deposition,
he had no intention of returning to in-person teaching.  Smith Dep., **APP0090-91**
(88:25-89:2).

Appellant instead attempted to continue teaching through Microsoft Teams
from home, but Appellee suspended his access to the program.  Undisputed Facts,
**R. 43**, Page ID # 390 at ¶ 40; Plaintiff's Response to Undisputed Facts, **R. 62-1**,
Page ID # 491 at ¶ 40.

After an insubordination investigation conducted by Appellee because of
Appellant's refusal to return to work, and a hearing on April 16, 2021, Appellant
was suspended by Appellee without pay for three days, from April 26, 2021,
through April 28.  Undisputed Facts, **R. 43**, Page ID # 390-91 at ¶¶ 39, 42, 44;

---

as he wore a mask, socially distanced, and had sitting breaks.  Stallworth Decl.,
**R. 34**, Page ID # 142-43.

Plaintiff's Response to Undisputed Facts, **R. 62-1**, Page ID # 490-92 at ¶¶ 39, 42, 44.

Following his suspension, Appellant stopped communicating with Appellee and abandoned his job duties, despite attempts by Pointer to follow up with Appellant.  Undisputed Facts, **R. 43**, Page ID # 391 at ¶ 46; Pointer Decl., **R. 33**, Page ID # 100 at ¶¶ 27-28.

Appellant continued to refuse to return to work at Gordon, and his position remained open during his absence.  Pointer Decl., **R. 33**, Page ID # 100 at ¶ 29. Appellee ultimately offered Appellant the opportunity to return to the same teaching position for the 2021-2022 school year, to which he did not respond, as well as for the 2022-2023 school year, which he rejected.  Undisputed Facts, **R. 43**, Page ID # 393 at ¶¶ 57-59.[4]

### B.   Relevant Procedural Background

On April 5, 2021, Appellant filed a Charge of Discrimination with the EEOC alleging Appellee discriminated against him based on his disability by denying his request for accommodation to work remotely from home.  Undisputed

---

[4]  Appellant objected to these facts in his Statement of Undisputed Material Facts as inadmissible because, he avers, they constitute settlement negotiations and because they are allegedly irrelevant.  Plaintiff's Response to Undisputed Facts, **R. 62-1**, Page ID # 494-95 at ¶¶ 57-59.  However, as the district court aptly noted, there is no proof that these offers were part of settlement negotiations and they are relevant here.  Reconsideration Order, **R. 82**, Page ID # 576 n.2.

9

Facts, **R. 43**, Page ID # 392 at ¶ 49; Plaintiff's Response to Undisputed Facts,

**R. 62-1**, Page ID # 492 at ¶ 49.  On October 7, 2021, the EEOC concluded its

investigation into Appellant's Charge of Discrimination, and issued a no-cause

finding that there was insufficient evidence to show that Appellant was denied a

reasonable accommodation or discriminated against due to his disability.[5]

Undisputed Facts, **R. 43**, Page ID # 392 at ¶ 50; Plaintiff's Response to Undisputed

Facts, **R. 62-1**, Page ID # 493 at ¶ 50.  The EEOC stated that under the ADA

"[e]mployers are not required to accept an employee's request for accommodation

if the accommodation would cause undue hardship on the employer," and

"employees are not entitled to the accommodation they prefer, but the

accommodation that is reasonable."  Ex. 12 to Smith Dep., **APP0236-37**;

---

[5]  In the Sixth Circuit, courts have found EEOC determinations persuasive. "Equal Employment Opportunity Commission (EEOC) decisions are that agency's interpretation of the act and indicate what are and what are not proscribed discriminatory practices; they are entitled to great deference with respect to the proper interpretation of actions under Title VII."  *Brown v. Am. Enka Corp.*, 452 F. Supp. 154, 158 (E.D. Tenn. 1976).  Moreover, "[a]lthough not binding authority, the EEOC's decisions and regulations are persuasive."  *Young v. Dep't of the Treasury*, No. 2:19-cv-02384-TLP-dkv, 2020 WL 3980796, at *9 (W.D. Tenn. Apr. 9, 2020), and, "[w]hile nonbinding, the EEOC Enforcement Guidance is very persuasive authority in questions of statutory interpretation of the ADA."  *Williams v. Fed. Express Corp.*, No. 2:20-cv-02322-TLP-cgc, 2022 WL 991900, at *11 (W.D. Tenn. Mar. 31, 2022) (internal quotations and citation omitted).

Undisputed Facts, **R. 43**, Page ID # 392 at ¶ 51.[6]  Significantly, the EEOC

determined that Appellant failed to engage in the interactive process.

On January 6, 2022, Appellant initiated this lawsuit, asserting claims for

failure to engage in the interactive process and constructive discharge under the

ADA, 42 U.S.C. § 12117 *et seq*.  Compl., **R. 1**, Page ID # 1-6.  On September 8,

2022, Appellant was deposed.  Smith Dep., **APP0002-210**.  On February 3, 2023,

Appellee filed a Motion for Summary Judgment.  Summary Judgment Motion,

**R. 32**, Page ID # 91-94; Defendant's Memorandum in Support of Its Motion for

Summary Judgment, **R. 42**, Page ID # 367-384; Undisputed Facts, **R. 43**, Page ID

# 385-95.  On June 15, 2023, the district court issued its Order Denying

Defendant's Motion for Summary Judgment.  Summary Judgment Order, **R. 66**,

Page ID # 508-20.  On June 30, 2023, Appellee filed a Motion for Reconsideration

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule

7.3(b) of the United States District Court for the Western District of Tennessee

Local Rules.  Reconsideration Motion, **R. 71**, Page ID # 530-40.  On August 9,

2023, the district court issued its Order Granting Defendant's Motion to

---

[6]  Appellant objected to this fact in his Statement of Undisputed Material Facts
because he believes it is "not a statement of fact but an incomplete interpretation of
law."  Plaintiff's Response to Undisputed Facts, **R. 62-1**, Page ID # 493 at ¶ 51.
This makes no sense because the quoted language is directly from the EEOC's
letter to Appellant.  Ex. 12 to Smith Dep., **APP0236-37**.  Thus, it is an undisputed
fact that the EEOC wrote that statement to Appellant.

Reconsider and Granting Defendant's Motion for Summary Judgment.

Reconsideration Order, **R. 82**, Page ID # 574-84.

On August 9, 2023, the district court issued its Judgment dismissing all claims by Appellant with prejudice.  Judgment, **R. 83**, Page ID # 585.  On September 7, 2023, Appellant filed his Notice of Appeal of the district court's Reconsideration Order.  Notice of Appeal, **R. 85**, Page ID # 603.

## V.    SUMMARY OF THE ARGUMENT

The district court correctly granted the Reconsideration Motion under Fed. R. Civ. P. Rule 54 (b) and Local Rule 7.3(b) because it recognized that it had previously failed to consider material facts and dispositive legal arguments related to whether Appellant failed to engage in the interactive process and was thus an unqualified individual with a disability not entitled to relief under the ADA.

In addition, the district court properly dismissed Appellant's ADA claims based on well-settled precedent and correct factual findings indicating that Appellant was responsible for the breakdown in the interactive process rendering him an unqualified individual with a disability under the ADA and that Appellee should therefore not be liable as a matter of law for any claim presented by Appellant under that statute.

## VI.   ARGUMENT

### A.   Standard of Review

#### 1.   *Grant of Motion to Reconsider under Fed. R. Civ. P. 54(b)*[7]

This Court reviews the district court's granting of a motion to reconsider its order granting summary judgment *de novo*, using "'the same standard of review that the district court was required to apply.'"   *United States v. $68,812.00 in U.S. Currency*, 831 Fed. App'x 205, 206 (6th Cir. 2020) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)).   Here, that means asking whether the district court's granting of Appellee's Motion to Reconsider (**R. 71**, Page ID # 530-40) satisfies Local Rule 7.3(b) of the United States District Court for the Western District of Tennessee's Local Rules.   *See $68,812.00 in U.S. Currency*, 831 Fed. App'x at 206.

Rule 54(b) of the Federal Rules of Civil Procedure allows a district court to revise an order adjudicating fewer than all the claims or rights and liabilities of all parties any time before final judgment.   Fed. R. Civ. P. 54(b).   District courts in the Western District of Tennessee "have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before

---

[7]  Appellant fails to address the standard of review for the grant of a motion for reconsideration and instead bewilderingly appears to copy and paste sections of other briefs regarding facts and parties not at issue in this case, including an

(continued)

entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).

In the Western District of Tennessee, "motions for revision of interlocutory orders are governed by Local Rule 7.3, which provides that any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule.'" *Lillard v. Liberty Ins. Co.*, No. 2:19-CV-2097-JPM-DKV, 2019 WL 11583456, at *2 (W.D. Tenn. July 10, 2019) (quoting *Spec's Family Partners, Ltd. v. First Data Merch. Servs. Corp.*, No. 2:14–cv–02995, 2015 WL 6869206, at *2 (W.D. Tenn. Nov. 9, 2015) (citing Local R. 7.3(a))).  "Reconsideration of an interlocutory order is only appropriate when the movant specifically shows: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." *Id.* (citing Local R. 7.3(b)).  Local Rule

---

"individualized education plan," "state administrative findings," "The Guests," and someone named, "Joel."  Brief of Plaintiff-Appellant at 9-10.

7.3(b) forbids the repetition of any oral or written arguments "made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." L.R. 7.3(b).

### 2.    *Grant of Summary Judgment*

This Court reviews a district court's order on summary judgment *de novo* and its findings of fact for clear error. *Stramaglia v. United States*, 377 Fed. App'x 472, 474 (6th Cir. 2010); *Keck v. Graham Hotel Sys.*, 566 F.3d 634, 636 (6th Cir. 2009); *Howard v. City of Beavercreek*, 276 F.3d 802, 805 (6th Cir. 2002); *Grand Traverse Band of Ottawa and Chippewa Indians v. Director, Mich. Dep't of Natural Res.*, 141 F.3d 635, 638 (6th Cir. 1998). This Court reviews a district court's legal conclusions supporting its grant of summary judgment *de novo*. *Doe v. Salvation Army in U.S.*, 531 F.3d 355, 357 (6th Cir. 2008).

The Sixth Circuit has elucidated the summary judgment standard as follows:

> Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "bears the initial burden of identifying those parts of the record which demonstrate the absence of any genuine issue of material fact." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 389-90 (6th Cir.2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party has satisfied its burden, the nonmoving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009). The "mere existence of a scintilla of evidence"

will not prevent summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986), and if the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249–50, 106 S. Ct. 2505 (citations omitted).

*Stramaglia*, 377 Fed. App'x at 474.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**B.     The District Court Correctly Granted Appellee's Motion for Reconsideration Because that Court Initially Failed to Consider Material Facts and Dispositive Legal Arguments that Were Presented to It on the Interlocutory Order Denying Appellee's Motion for Summary Judgment and Because Appellant Made No Argument as to Why Appellee Failed to Meet Local Rule 7.3(b)'s Standard**

**1.     *The district court correctly applied Local Rule 7.3(b) when it granted the Reconsideration Motion because it failed to consider material facts and dispositive legal arguments when it initially denied summary judgment.***

The ADA prohibits discrimination against "a qualified individual with a disability because of the disability of such individual[.]" 42 U.S.C. § 12112(a). **Thus, to be entitled to relief under the ADA, a plaintiff must be a qualified individual.** *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 801 (6th Cir. 1996). A "qualified individual" is one who "can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Discrimination under the ADA includes "not making reasonable accommodations

to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee[.]"  42 U.S.C. § 12112(b)(5)(A).

To prevail on a disability discrimination claim, "a plaintiff must show that he or she (1) is disabled; (2) [is] otherwise qualified to perform the essential functions of the position, with or without accommodation; and (3) suffered an adverse employment action because of his or her disability."  *Shreve v. City of Romulus*, 742 F. App'x 97, 103 (6th Cir. 2018) (internal quotations and citation omitted).

On its initial review of the Summary Judgment Motion, the district court addressed only the essential function analysis of Appellant's ADA claim and thereby failed to consider material facts and dispositive legal arguments.  The district court stated:

> **Although SCBE addresses each of the elements of Smith's claims in its Motion for Summary Judgment, <u>the Court addresses only one</u>**, concluding that there is a genuine issue of material fact concerning the reasonableness of SCBE's proposed accommodations vis-à-vis Smith's requested one, given the confusion in the record as to whether in-person instruction or in-person attendance is an essential function of teaching.
> …
> In sum, by proposing accommodations that permitted continued remote instruction, SCBE created a genuine issue of material fact as to whether in-person instruction is an essential function of teaching.

Summary Judgment Order, **R. 66**, Page ID # 513-14, 519 (emphasis added).

17

The district court, in its Summary Judgment Order, failed to consider material facts and dispositive legal arguments presented by the Appellee in its Summary Judgment Memorandum regarding whether the Appellant failed to engage in the interactive process and, if he did, whether that rendered him unqualified under the ADA.  Specifically, Appellant presented the following material facts and dispositive legal arguments in its Summary Judgment Memorandum that the district court failed to address in its Summary Judgment Order:

- "Plaintiff rejected SCBE's options for reasonable accommodations and refused to return to work unless he could work virtually." (Summary Judgment Memorandum, **R. 42**, Page ID # 371);

- "During Plaintiff's communications with SCBE, Plaintiff only requested to work remotely and refused to return to work unless he received the accommodation he preferred.  (SOF ¶¶ 35, 40.).  Plaintiff only proposed one accommodation, ceased communications with SCBE and abandoned his job duties.  (*Id*. ¶ 46).  Plaintiff's actions are an apparent failure to engage in the interactive process.  After explaining to Plaintiff that his request for accommodation was not reasonable, SCBE provided several reasonable accommodations that enabled Plaintiff to perform the essential duties of his job, including, instructing from his classroom or the gymnasium while his students were located in a computer lab with a teaching assistant; providing a educational assistant to help with personal interactions; providing a private bathroom; and daily enhanced cleaning to his work area.  (*Id*. ¶¶ 31-32, 52.).  SCBE offered accommodations that allowed Plaintiff to fulfill instructional responsibilities and encapsulated him from the general population; but, by being in the school building, Plaintiff could access other resources that he did not have at home and could be available to assist with student supervision.  (*Id*. ¶ 33).  Plaintiff rejected all options for accommodations, refused to return to work and

stopped communicating with SCBE." (Summary Judgment Memorandum, **R. 42**, Page ID # 379-80);

- "Plaintiff's ADA claim also fails because Plaintiff failed to engage in the interactive process…." (*Id.* at Page ID # 375); and

- "It is well established that "an employee cannot force [his] employer to provide a specific accommodation if the employer offers another reasonable accommodation. Furthermore, **if an employee rejects a reasonable accommodation, the individual is no longer considered a 'qualified individual with a disability**.'" *Taylor v. Consol. Prods.*, No. 3:07-CV-421, 2009 U.S. Dist. LEXIS 53473, at *12-13 (E.D. Tenn. June 19, 2009). *See also*, 29 C.F.R. § 1630.9(d)2; *Hankins v. The Gap, Inc.*, 84 F.3d 797, 801 (6th Cir. 1996) and *Hedrick v. W. Rsrv. Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004). Moreover, an employee's failure to engage in interactive discussions with the employer to determine a reasonable accommodation undermines the employee's ADA claim for failure to accommodate. *Tchankpa*, 951 F.3d at 814." (Summary Judgment Memorandum, **R. 42**, Page ID # 379) (emphasis added).

This manifest failure by the district court to consider material facts and dispositive legal arguments is sufficient to meet Local Rule 7.3(b)'s reconsideration standard because whether Appellant failed to engage in the interactive process and thus was not qualified individual under the ADA is dispositive to the issue of whether he is entitled to **any** relief under the ADA. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1040 (6th Cir. 2014) ("If the [interactive] process fails to lead to reasonable accommodation of the disabled employee's limitations, responsibility will lie with the party that caused the breakdown."); *Smith v. Honda of Am. Mfg., Inc.*, 101 F. App'x 20, 25 (6th Cir. 2004) ("An employee who declines an offered reasonable accommodation forfeits the status as

19

a 'qualified individual with a disability.') (internal quotations and citation omitted);

*Hedrick*, 355 F.3d at 457 ("[I]f an individual rejects a reasonable accommodation, the individual will no longer be considered a qualified individual with a disability."); *Hankins*, 84 F.3d at 801 ("Although an employee is not required to accept an offered accommodation, "if such individual rejects a reasonable accommodation ... that is necessary to enable the individual to perform the essential functions of the position ... the individual will not be considered a qualified individual with a disability.") (citing 29 C.F.R. § 1630.9(d)).

The district court should not have stopped its analysis at whether there was a genuine dispute of fact regarding the essential functions of the teaching position, but rather should have started its analysis with whether Appellant was a qualified individual under the ADA. Because Appellant was not a qualified individual under the ADA, he is not entitled to any relief under that statute. The essential function analysis solely focused on by the district court on review of the Summary Judgment Motion is immaterial where a plaintiff is not a qualified individual because the ADA does not provide any protection for an unqualified individual— even one with a disability.

Thus, in its Reconsideration Order, the district court correctly stated:

The Court agrees … that [Appellant] failed to engage in the interactive process which renders him an unqualified individual with a disability and therefore not entitled to relief. That issue was not

20

considered in the June 15 [Summary Judgment] Order but is
dispositive here.

Reconsideration Order, **R. 82**, Page ID # 578.

> **2.    *Appellant failed to present any arguments as to why Appellee did not meet Local Rule 7.3(b)'s standard for granting a motion for reconsideration; as such, he waived any such argument on appeal.***

The district court referred in its Reconsideration Order to the fact that

Appellant failed to make any argument as to whether Appellant failed to meet

Local Rule 7.3(b)'s standard for revision of an interlocutory order.

Reconsideration Order, **R. 82**, Page ID # 577.  Although Appellee clearly stated in

its Reconsideration Motion that it was moving for reconsideration of the Summary

Judgment Order under both FRCP 54(b) and Local Rule 7.3(b), Appellant failed to

address in his Opposition to the Reconsideration Motion whether Appellee met the

Local Rule 7.3(b) standard.[8]  Reconsideration Motion, **R. 71**, Page ID # 530;

Opposition to Reconsideration Motion, **R. 75**, Page ID # 546-53.  Moreover,

Appellant again failed to address the Local Rule 7.3(b) standard in the Brief of

Plaintiff-Appellant despite having been provided three opportunities to correct the

voluminous errors in the brief by the Sixth Circuit Court of Appeals Case

Manager.  Emails to/from Case Manager Robin Baker, **APP0238-41**.

Moreover, **even if Appellant had addressed the Local Rule 7.3(b) argument in the** Brief of Plaintiff-Appellant**, any argument that Appellee did not meet the standard for reconsideration is waived before this Court because Appellant failed to raise the argument before the district court.** *See Gridsmart Techs., Inc. v. Marlin Controls, Inc.*, 701 F. App'x 488, 491 (6th Cir. 2017) (citing *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016); *Guyan Int'l, Inc. v. Prof'l Benefits Adm'rs, Inc.*, 689 F.3d 793, 799 (6th Cir. 2012); *Armstrong v. City of Melvindale*, 432 F.3d 695, 699-700 (6th Cir. 2006)); *Grider Drugs, LLC v. Express Scripts, Inc.*, 500 Fed. App'x 402, 405 (6th Cir. 2012); and *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)).

**C.    The District Court Correctly Held on Reconsideration that Appellee Met Its Burden of Demonstrating No Genuine Issue of Material Fact Exists as to Whether Appellant Failed to Engage in the Interactive Process, that Appellant Was Thus Not a Qualified Individual Under the ADA, and that Judgment as a Matter of Law Should Be Granted in Appellee's Favor**

The district court accurately reasoned that Appellee presented undisputed material facts indicating that Appellant was responsible for the breakdown in the interactive process and that Appellant failed to raise a genuine issue regarding this. The district court also appropriately applied Sixth Circuit precedent (1) regarding

---

[8]  Appellant admits that "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders…." Opposition to Reconsideration Motion, **R. 75**, Page ID # 548 n.23.

each party's obligation during the ADA interactive process and (2) which indicates

that an employee who fails to engage in the interactive process is thereby rendered

unqualified under the ADA and not entitled to any relief under that statute.[9]

The district court accurately explained:

> Once an employee has requested accommodations, the ADA's regulations require an "interactive process" whose purpose is to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007) (quoting 29 C.F.R. § 1630.2(o)(3)). "[T]he interactive process is mandatory, and both parties have a duty to participate in good faith." *Id*. (citations omitted). "If this process fails to lead to reasonable accommodation of the disabled employee's limitations, responsibility will lie with the party that caused the breakdown." *Rorrer v. City of Stow*, 743 F.3d 1025, 1040 (6th Cir. 2014) (quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 805 (7th Cir. 2005)).

> Parties cannot simply refuse to participate in this process. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010). "When a party obstructs the process or otherwise fails to participate in good faith, 'courts should attempt to isolate the cause of the breakdown and then assign responsibility.'" *Kleiber*, 485 F.3d at 871 (quoting *Bultmeyer v. Fort Wayne Cmty. Schs.*, 100 F.3d 1281, 1285 (7th Cir. 1996)). When an employee requests an accommodation, an employer is not required to offer a counter-accommodation but doing so "may

---

[9] As to Appellant's constructive discharge claim, he is likewise not entitled to relief because he is not a qualified individual with a disability. *See Hargett v. Jefferson Cnty. Bd. of Ed.*, No. 17-5368, 2017 WL 5664922, at *5 (6th Cir. Oct. 27, 2017) ("To prevail on a claim for discriminatory discharge under the ADA, Hargett was required to show that: (1) she was disabled; (2) she was otherwise qualified to perform the essential functions of her position, with or without reasonable accommodation; (3) she suffered an adverse employment action; (4) JCBE knew or had reason to know of her disability; and (5) the position remained open or a nondisabled person replaced her.")).

US_ACTIVE\15806608\000021\125848226\V-2

be additional evidence of good faith." *Jakubowski*, 627 F.3d at 203. "An employer has sufficiently acted in good faith when it readily meets with the employee, discusses any reasonable accommodations, and suggests other possible positions for the plaintiff." *Id.* And while an employee resigning from his or her position is not itself an indication of the cause of a breakdown in the interactive process, an employer who has taken "an active, good-faith role in the interactive process [] will not be liable if the employee refuses to participate . . ." *Sears, Roebuck & Co.*, 417 F.3d at 806.

…

The Court agrees with SCBE that Smith failed to engage in the interactive process in good faith. As the undisputed facts here show, Smith requested that he continue to instruct remotely from his home. In an indication of engaging in the process in good faith, SCBE counter-offered that he could continue teaching remotely, but from either a school classroom or from the gymnasium, where he would be totally isolated upon entry and exit from the building and with access to his own restroom. Following this offer, Smith simply refused to engage further, offering no alternative proposals or potential adjustments to the proposed accommodations; Smith's additional communications with SCBE simply expressed his dissatisfaction with SCBE's proposals. This indicates that he is indeed the cause of the breakdown in the process and SCBE should therefore not be liable as a matter of law.

Smith contests that SCBE's proposed accommodations were "reasonable." But the point of the process is to determine "potential reasonable accommodations." *Jakubowski*, 627 F.3d at 202. While Smith may have been dissatisfied with SCBE's initial proposed accommodations, he should have engaged further to determine alternatives, rather than cut contact with SCBE. Moreover, as SCBE argues, Smith conceded during his deposition that virtual instruction was "[m]ost definitely" not in the best interest of his students, (ECF No. 38 at PageID 305), and that, while he was a "hands-on educator," he was unable to perform such hands-on work virtually, (*id*. at PageID 310-11); indeed, Smith stated that he agreed with the assertion that virtual instruction "could not really replace being in-person," (*id*. at PageID 311). Given these concessions, Smith cannot now maintain

24

that his requested accommodation of continued virtual instruction was reasonable, while SCBE's version of, essentially, virtual instruction was not, entitling him to end the interactive process.

Reconsideration Order, **R. 82**, Page ID # 579-84.

This case is akin to *Hargett v. Jefferson Cnty. Bd. of Educ.*, No. 17-5368, 2017 WL 5664922 (6th Cir. Oct. 27, 2017). Avadawn Hargett, the employee-appellant appealed the district court's order granting summary judgment in favor of the employer-appellee, Jefferson County Board of Education ("JCBE"). *Id.*, 2017 WL 566492, at *1. Hargett claimed JCBE violated the ADA by refusing to offer her a reasonable accommodation to allow her to teach in her previous position as a third-grade teacher at an elementary school in Jefferson County and constructively discharging her. *Id.* Hargett was granted leave under the FMLA to have knee surgery, and then extended her leave. *Id.* While she was on leave, JCBE hired a teacher as her replacement. *Id.* When Hargett's doctor cleared her to return to work with the restrictions of no prolonged walking or standing, JCBE offered Hargett a first-grade teaching position, but she rejected the offer. *Id.* Hargett instead requested the following accommodations for returning to her third-grade classroom: (1) the ability for her class to walk with another class and teacher to the lunchroom and recess because she walked slowly, (2) a teaching assistant or parent volunteer to walk with her and her class to the computer lab and assist her during

bathroom breaks, and (3) a teaching assistant or parent volunteer to help her during fire drills. *Id*.

Similar to the district court in its Reconsideration Motion, the Sixth Circuit explained:

> "An employer has sufficiently acted in good faith when it readily meets with the employee, discusses any reasonable accommodations, and suggests other possible positions for the plaintiff." *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 203 (6th Cir. 2010). "The disabled employee bears the burden of proposing an accommodation and showing that it is objectively reasonable," but "[w]here there is more than one reasonable accommodation, the choice of accommodation is the employer's." *Smith v. Honda of Am. Mfg.*, 101 Fed. Appx. 20, 25 (6th Cir. 2004). "An employee who declines an offered reasonable accommodation forfeits the status as a 'qualified individual with a disability.'" *Id*. (quoting *Hankins v. The Gap, Inc.*, 84 F.3d 797, 801 (6th Cir. 1996)).
>
> Rather than providing Hargett with teaching assistants or parent volunteers, as she had proposed, the JCBE administrators offered her a wheelchair to use when she was required to keep up with her students and move to another location within the school. JCBE offered her a position teaching first grade at Audubon as well. JCBE declined Hargett's request for a teaching assistant to be on call during her class moves because it was unreasonable to expect either a teaching assistant or a parent to be readily available on an "as-needed" basis, and it would have been an undue hardship for JCBE to hire an assistant to carry out this duty, even on a part-time basis. *Cf. Belasco v. Warrensville Heights City Sch. Dist.*, 634 Fed. Appx. 507, 516 (6th Cir. 2015) ("[T]he ADA does not require employers to hire a second person to fulfill the job responsibilities ordinarily performed by one person."); *see also Johnson*, 443 Fed. Appx. at 986. JCBE's alternative offer of a first-grade teaching position also reflected its willingness to engage in an interactive process and offer her different options, which could include "reassignment to a vacant position." See 42 U.S.C. § 12111(9)(B). **Moreover, Hargett retreated from engaging in an interactive process after JCBE offered her a**

26

> **wheelchair; she flatly rejected the proposal and continued to insist on her suggested accommodation. Therefore, Hargett forfeited her status as a qualified individual within the meaning of § 12112(a) when she rejected JCBE's alternative offers.** *See Smith*, 101 Fed. Appx. at 25.  As a result, the district court properly granted summary judgment on this discrimination claim for failure to accommodate her disability to return to her third-grade teaching position at Audubon.

*Hargett*, 2017 WL 566492, at *4 (emphasis added).

Likewise, here, Appellant retreated from engaging in the interactive process and refused to return to the school building after Appellee offered him two proposed accommodations that would have enabled Appellant to teach at work on campus from either a school classroom or the gymnasium with a teaching assistant in a computer lab with the students, where Appellant could be totally isolated upon entry and exit from the building with access to his own restroom.  Appellant rejected these proposals despite Appellant's doctor stating in the January 12, 2021 letter that Appellant could return to work in-person so long as he wore a mask and socially distanced.  Like Hargett, Appellant offered no alternate proposal or potential adjustments to Appellee's proposed accommodations and instead simply expressed his dissatisfaction with Appellee's proposals.  Here, Appellee went beyond the requirements of the ADA by offering the use of a teaching assistant to Appellee.  *See Belasco*, 634 Fed. Appx. at 516 ("[T]he ADA does not require employers to hire a second person to fulfill the job responsibilities ordinarily performed by one person.") (internal quotations and citation omitted).  Therefore,

27

just like Hargett, Appellant was responsible for the breakdown in the interactive process and forfeited his status as a qualified individual within the meaning of the ADA.

### D.    Appellant's Focus on Whether Appellee's Proposed Accommodations Were Reasonable Completely Misses the Mark

Aside from containing extraneous facts and arguments apparently related to a different case and information about Appellant's exhaustion of remedies (which is not at issue here), the Brief of Plaintiff-Appellant is hyper focused on the essential function analysis and whether the accommodations offered by Appellee were reasonable. These arguments are irrelevant here where it is undisputed that after Appellee offered its two proposed accommodations, Appellant simply shut down the interactive process by not offering *any* alternate proposal or potential adjustments to Appellee's proposed accommodations and instead expressed his dissatisfaction with Appellee's proposals. Brief of Plaintiff-Appellant at 6-7. As noted by the district court in the Reconsideration Order, "the point of the process is to determine 'potential reasonable accommodations.'" Reconsideration Order, **R. 82**, Page ID # 583 (quoting *Jakubowski*, 627 F.3d at 202). While Appellant may have been displeased with Appellee's initial proposed accommodations, he was obligated under the ADA to have engaged further to determine alternatives, rather than bring the process to a screeching halt.

28

## VII.  CONCLUSION

For the reasons stated above, the district court's final Judgment and Order should be affirmed.

DATED:  Atlanta, Georgia on January 3, 2024.


 /s/ Rodney G. Moore
RODNEY G. MOORE
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: 404.527.4903
Email: rodney.moore@dentons.com

CHRISTINE BELCAID
1001 Bishop Street, Suite 1800
Honolulu, Hawaii  96813
Telephone:  808.524.1800
Email: christine.belcaid@dentons.com

Attorneys for Defendant-Appellee
SHELBY COUNTY BOARD OF
EDUCATION

29

## STATEMENT OF RELATED CASES

There are no related cases pending in this Court.

DATED:  Atlanta, Georgia on January 3, 2024.


  /s/ Rodney G. Moore
RODNEY G. MOORE
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: 404.527.4903
Email: rodney.moore@dentons.com

CHRISTINE BELCAID
1001 Bishop Street, Suite 1800
Honolulu, Hawaii  96813
Telephone:  808.524.1800
Email: christine.belcaid@dentons.com

Attorneys for Defendant-Appellee
SHELBY COUNTY BOARD OF
EDUCATION

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that:  I am an attorney with the law firm of Denton US LLP, counsel for Defendant-Appellee SHELBY COUNTY BOARD OF EDUCATION in this action.

The brief contains 7,250 words, excluding the items exempted by Fed. R. App. P. 32(f) and Sixth Circuit Rule 32(b)(1), and complies with the word limit of Fed. R. App. P. 32(a)(7).  It complies with the typeface and typestyle requirements of Rules 32(a)(4), 32(a)(5), and 32(a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word for Microsoft 365 Times New Roman 14-point font.

DATED:  Atlanta, Georgia on January 3, 2024.

  /s/ Rodney G. Moore
RODNEY G. MOORE
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: 404.527.4903
Email: rodney.moore@dentons.com

CHRISTINE BELCAID
1001 Bishop Street, Suite 1800
Honolulu, Hawaii  96813
Telephone:  808.524.1800
Email: christine.belcaid@dentons.com

Attorneys for Defendant-Appellee
SHELBY COUNTY BOARD OF
EDUCATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Brief of Defendant-Appellee was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on January 3, 2024.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

> BRANDON S. LESLIE, ESQ.
> Reaves Law Firm
> 1991 Corporate Avenue, Suite 310
> Memphis, TN  38132
> Attorney for Plaintiff-Appellant
> HAROLD C. SMITH

DATED:  Atlanta, Georgia on January 3, 2024.

> /s/ Rodney G. Moore
> RODNEY G. MOORE
> 303 Peachtree Street, NE, Suite 5300
> Atlanta, Georgia 30308
> Telephone: 404.527.4903
> Email: rodney.moore@dentons.com
>
> CHRISTINE BELCAID
> 1001 Bishop Street, Suite 1800
> Honolulu, Hawaii  96813
> Telephone:  808.524.1800
> Email: christine.belcaid@dentons.com
>
> Attorneys for Defendant-Appellee
> SHELBY COUNTY BOARD OF
> EDUCATION

## DEFENDANT-APPELLEE'S ADDENDUM

| Record Entry # | Filing Date | Description | Pagination in Electronic District Court Record (PageID) | Abbreviation/Designation in Appellee's Brief |
|---|---|---|---|---|
| 1 | 01/06/22 | Complaint | 1-11 | Complaint |
| 32 | 02/03/23 | Defendant's Motion for Summary Judgment | 91-94 | Summary Judgment Motion |
| 33 | 02/03/23 | Exhibit 1 to Defendant's Motion for Summary Judgment:  Declaration of Leviticus Pointer | 95-115 | Pointer Decl. |
| 34 | 02/03/23 | Exhibit 2 to Defendant's Motion for Summary Judgment:  Declaration of Theron Stallworth | 116-155 | Stallworth Decl. |
| 42 | 02/03/23 | Defendant's Memorandum in Support of Its Motion for Summary Judgment | 367-384 | Defendant's Memorandum in Support of Its Motion for Summary Judgment |
| 43 | 02/03/23 | Defendant's Statement of Undisputed Material Facts | 385-95 | Undisputed Facts |
| 62-1 | 04/11/23 | Plaintiff's Response to Defendant's Statement of Undisputed Material Facts | 484-496 | Plaintiff's Response to Undisputed Facts |
| 66 | 06/15/23 | Order Denying Defendant's Motion for Summary Judgment | 508-520 | Summary Judgment Order |

| Record Entry # | Filing Date | Description | Pagination in Electronic District Court Record (PageID) | Abbreviation/Designation in Appellee's Brief |
|---|---|---|---|---|
| 71 | 06/30/23 | Motion for Reconsideration | 530-40 | Reconsideration Motion |
| 75 | 07/14/23 | Plaintiff Harold Smith's Opposition to Defendant Shelby County Board of Education's Motion for Reconsideration | 546-554 | Opposition to Reconsideration Motion |
| 82 | 08/09/23 | Order Granting Defendant's Motion to Reconsider and Granting Defendant's Motion for Summary Judgment | 574-584 | Reconsideration Order |
| 83 | 08/09/23 | Judgment | 585 | Judgment |
| 85 | 09/07/23 | Notice of Appeal | 603 | Notice of Appeal |